STATE ex rel. NAGLE, Attorney General, Appellant, v.
ANTINOLI et al., Respondents.

(No. 7,537.)

(Submitted September 29, 1936. Decided November 16, 1936.)

[63 Pac. (2d) 129.]

(See, also, syllabus in *State ex rel. Nagle* v. *Naughton et al.*, ante, p. 306.)

322

*Mr. Raymond T. Nagle,* Attorney General, and *Mr. Jeremiah J. Lynch* and *Mr. Oscar A. Provost,* Assistant Attorneys General, for Appellant, submitted a brief; *Mr. Provost* argued the cause orally.

*Mr. William Meyer,* for Respondents, submitted a brief and argued the cause orally.

HONORABLE FRANK P. LEIPER, District Judge, sitting in place of MR. CHIEF JUSTICE SANDS, absent on account of illness, delivered the opinion of the court.

This is a proceeding by the State of Montana, on the relation of its Attorney General, against Pete Antinoli, Mary E. O'Rourke, John E. O'Rourke, Marie J. O'Rourke and Charles R. O'Rourke. The complaint alleges that the defendants O'Rourke are the owners of the building occupied by the M & M Cigar Store, located at No. 9 North Main Street in the City of Butte, County of Silver Bow, State of Montana; that this cigar store is located on the ground floor of a two-story red brick building, which building is approximately 110 feet long and thirty feet wide, and situated on lot 7, in Block 29, of the Butte Townsite, in the above-mentioned city, county and state, according to the official plat thereof; and that defendant Antinoli is the operator of the business conducted in such place and known as the M & M Cigar Store.

It is charged that the defendant Antinoli, during the months of July and August, 1935, within the building above mentioned, opened and conducted gambling games, particularly stud-poker, draw-poker, pangeni, dice games, and punch-board games, all of which were played for money, contrary to the laws of the State of Montana, and that intoxicating liquor was during all of these times sold within such building.

The defendants answered separately. It is admitted that the defendants O'Rourke are the owners of the premises in question. Defendant Antinoli admits that he is the lessee of a small part of the ground floor of this building, 21½

feet wide by 39 feet deep, and that this defendant does not occupy nor is he in the possession of any other part thereof. The defendants O'Rourke deny that defendant Antinoli is the lessee of any part of such building.

Upon the trial, both parties having rested, the defendants moved for a dismissal of the proceedings, and the plaintiff moved for judgment as prayed for in the complaint. Thereafter the court made its findings, as follows: "This day the motion of the defendants to dismiss the proceedings is granted. The motion of plaintiff for a judgment is denied, and the said action is ordered dismissed." Judgment was rendered and entered accordingly. The state has appealed from that judgment. Appellant's contention is that the evidence preponderates strongly against the findings and judgment of the trial court.

It will be noted at the outset that each of the witnesses who testified herein for the plaintiff testified for the plaintiff in the case of the *State of Montana ex rel. Raymond T. Nagle, Attorney General, v. Peter J. Naughton et al.*, this day decided. A part of the cross-examination of these witnesses in the last mentioned cause is by stipulation incorporated in and made a part of the record in this cause. What is said concerning the testimony offered in that cause and the law in relation to the principles involved is applicable to the instant case and need not be repeated here. A comparison of the evidence in the *Naughton Case* above with that in this case shows that a very similar situation exists in this case as is shown to exist in that, and if there be any difference, the evidence here shows even a stronger case against the defendants than in the *Naughton Case*.

At the front of the rooms occupied by this cigar store is a cigar counter, at which it appears the punch-boards and dice games are operated. Back of this cigar counter and toward the rear of the room is a bar, together with a back bar. It appears that beer is dispensed here and intoxicating liquor sold. At the rear of the building is a large room, in

which it is charged the games of stud-poker, draw-poker and pangeni are played. There is a partition separating the card-room from the barroom, but a large opening therein through which customers may pass from one room to the other. In the card-room are four or five card tables, together with some chairs.

In this case witnesses Nance and Richardson testified in substance that they had on divers and sundry occasions during the months of July and August, 1935, visited the premises in question; that upon numerous occasions they had purchased and paid for intoxicating liquors by the drink over the bar in this place, and upon one occasion had purchased a bottle of intoxicating liquor and had paid therefor a sum of $1.75; that they had upon a number of occasions played a dice game for money and punch-board games for money, in the front part of the room in question; that they had played the game of poker for money in the rear part of this room, and had seen many others play draw-poker, stud-poker and pangeni for money therein. These witnesses, together with Mrs. Wilkinson, August Vidro, S. A. Thweat, E. S. Shields, Ernest E. Gore, Mrs. Frye, Howard C. Friar and Mrs. Crandall all testified that the place where defendant Antinoli conducted his business bore the reputation of being one where gambling is conducted and intoxicating liquor sold.

The judgment of the trial court, as well as the evidence, discloses that the defendant Antinoli was present at the trial of this cause. The names of a number of the attendants in the place in question were given by the plaintiff's witnesses. None of these appeared as witnesses for the defendants. It likewise appears that there were a great many customers who frequented this place and played the gambling games above mentioned, but none of these were called as witnesses. In fact, the only testimony on behalf of the defense was given through witnesses Daw, Kelly, Newman, O'Brien, Rowe and Stefani. Daw testified that he is the agent for

the O'Rourke estate and rents the building in question; that it is leased by three persons other than the defendant Antinoli; that the lease expires February 1, 1936, and that the rental is $500 per month. O'Brien is a beer salesman for the Butte Brewery Company, and sells beer to the M & M Cigar Store. Witness never heard the reputation of this place discussed, but testified that "it always had a good reputation." Newman testified that he sells tobacco, cigars and cigarettes to the M & M Cigar Store. He said he did not know its reputation as to whether it is a place where gambling is carried on and intoxicating liquor sold; that as far as witness knows there is no gambling carried on there; that he has seen cards played in the place. Stefani testified that he has resided in Butte for 30 years; that he is familiar with the reputation of this place, and it is not one where gambling is carried on and intoxicating liquor sold; that he has seen cards played there. Kelly testified that he has been a resident of Butte for 42 years; that he does not know the reputation of the place in question as to whether it is one in which gambling is conducted and intoxicating liquor sold, but that he has never seen any liquor sold or gambling conducted, although he has seen card games played there.

The evidence, taken as a whole, shows conclusively that the defendant Antinoli is operating not only a cigar stand but the bar and room in which card games are being played for money as well. Whether defendant Antinoli leased the property from the owners or not is immaterial. Under the circumstances enumerated here, the lessees as well as the owners are charged with knowledge of the conditions which existed within the place described. (*State ex rel. Lamey* v. *Young*, 72 Mont. 408, 234 Pac. 248, and cases there cited.)

After a careful examination of all the testimony introduced and of the authorities cited in the briefs of the respective counsel, we are of the opinion that the evidence herein strongly preponderates against the findings and the judgment of the trial court.

326

Therefore, plaintiff is entitled to judgment herein, decreeing that the nuisance complained of has been established; directing that the same be abated; and ordering the removal of all fixtures, gambling paraphernalia and other movable property used in conducting, maintaining, aiding or abetting in the carrying on or operation of the games of stud-poker, draw-poker, pangeni, dice and punch-board games from the premises occupied by the M & M Cigar Store, all as provided by section 11129, Revised Codes 1935, and that all of such property shall be sold and the proceeds thereof used in the manner provided by section 11130, Revised Codes of 1935: that the premises known as the M & M Cigar Store, and hereinbefore and in the complaint described, shall be closed for one year, as provided by law, and that the defendants, their agents, servants and employees, be perpetually restrained and enjoined from using the premises in question for the operating of such nuisance.

The judgment is reversed and the cause remanded to the District Court of Silver Bow County, with directions to render judgment in accordance herewith.

ASSOCIATE JUSTICES STEWART, ANDERSON and MORRIS and HONORABLE C. B. ELWELL, District Judge, sitting in place of MR. JUSTICE MATTHEWS, absent, concur.

Rehearing denied December 28, 1936.